IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DELONTE WHEELER. | Crim. Action No. CCB-19-0455<br>Civil Action No. CCB-21-2691 |

### **MEMORANDUM & ORDER**

On April 15, 2021, Delonte Wheeler pled guilty to a superseding information charging him with (1) possession with intent to distribute marijuana, and (2) possession of a firearm in furtherance of a drug crime. Plea Agreement, ECF 56; Arraignment, ECF 66. On June 24, 2021, he was sentenced to 24 months' incarceration on Count One and 60 months consecutive on Count Two, for a total of 84 months. Judgment, ECF 70. He did not appeal.

On October 18, 2021, Wheeler filed a motion to vacate under 28 U.S.C. § 2255, principally arguing that he was convicted without due process of law because Congress had no authority to proscribe marijuana, and that counsel was ineffective for not raising this argument. Mot. to Vacate, ECF 72.

His arguments are frivolous. Congress has the authority to criminalize possession with intent to distribute marijuana, as it has done in the Controlled Substances Act ("CSA"). 21 U.S.C. § 841(a)(1); *see* 21 U.S.C. § 812(c) (listing marijuana as a Schedule I controlled substance); *Gonzales v. Raich*, 545 U.S. 1, 9, 10-15 (2005) (holding that "[t]he CSA is a valid exercise of federal power" even as applied to purely intrastate activities and describing the history of Congressional drug regulation).

1

Accordingly, it is hereby **ORDERED** that:

1. The motion to vacate (ECF 72) is **DENIED** and **DISMISSED** without an evidentiary hearing;

2. No certificate of appealability will be issued;

3. The Clerk shall send a copy of this Memorandum and Order to Delonte Wheeler and counsel of record; and

4. The Clerk shall **CLOSE** this civil case.

___4/23/2024___  
Date

___/s/_____  
Catherine C. Blake  
United States District Judge